IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, *et al.*, : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil No. 5:21-cv-02331-JMG |
| : | |
| FIRST CALL ENVIRONMENTAL, LLC, : | |
| Defendant. : | |

MEMORANDUM OPINION

**GALLAGHER, J.**                                             September 3, 2021

This action arises from a nitric acid spill that occurred at Plaintiff Bulk Chemicals, Inc.'s ("Bulk") chemical processing and blending facility. Defendant First Call Environmental, LLC ("First Call"), a company that was involved in the subsequent clean-up efforts, now moves to dismiss on *forum non conveniens* grounds. For the reasons that follow, First Call's motion will be denied.

**I.     ALLEGATIONS[1]**

On June 9, 2019, a chemical spill occurred at Bulk's Pennsylvania plant. (Am. Compl. ¶¶ 5, 16, ECF No. 2.) Bulk contracted First Call "to respond to, clean up and remediate the release of the environmentally hazardous substances." (*Id.* ¶ 17.) The contract included the following forum selection clause:

> The parties hereby agree to litigation in the Circuit Court of Hanover County, Virginia as the appropriate manner and venue to resolve any disputes relating to or arising from this Agreement.

---

[1] On a motion to dismiss, we operate "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

(Def.'s Mot. Ex. A, at 3, ECF No. 12-2.)[2]

Bulk alleges that First Call did not "take the required, necessary, proper and reasonable steps in undertaking" its clean-up efforts. (*Id.* ¶ 17.)  Indeed, First Call allegedly failed "to de-energize the supply of electricity to the subject property during the course of the completion of its work," which ultimately sparked a fire. (*Id.* ¶ 18.)  The fire spread from "the electrical conduit and throughout" Bulk's property, resulting in "loss of business personal property, equipment, inventory, . . . loss of income as a result of disruption in operations, and costs and expenses necessary for emergency response, clean-up, remediation and repairs." (*Id.* ¶¶ 15, 21.)

Bulk, alongside its insurers, Illinois Union Insurance Company and Ace American Insurance Company, sued First Call on May 24, 2021, raising negligence and breach of contract claims. (*See* Compl., ECF No. 1; Am. Compl., ECF No. 2.)  First Call requests dismissal on *forum non conveniens* grounds, pointing to the forum selection clause in its contract with Bulk. (*See* Def.'s Mem. 4–6, ECF No. 12-1.)

## II.  STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[2] First Call attaches the contract to its motion. "In deciding motions under Rule 12(b)(6), courts may consider . . . any 'undisputedly authentic document that a defendant attaches as an exhibit . . . if the plaintiff's claims are based on the document.'" *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016) (quoting *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Bulk's claims are based on its contract with First Call. We can therefore consider the document at this stage.

*Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).

**III.   DISCUSSION**

First Call requests that we dismiss this action so Plaintiffs can refile in the Circuit Court of Hanover County, Virginia. (*See* Def.'s Mem. 6.) The argument hinges on the forum selection clause contained in First Call's contract with Bulk.

"[T]he appropriate way to enforce a forum-selection clause pointing to a state . . . forum is through the application of the doctrine of *forum non conveniens*." *Wall v. Corona Cap., LLC*, 756 F. App'x 188, 191 (3d Cir. 2018) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013)). "[T]he Third Circuit has held that dismissal under Rule 12(b)(6) is . . . a proper way to enforce a forum selection clause." *Loc Performance Prods., Inc. v. Fidelity Tech. Corp.*, No. 19-4606, 2020 WL 1694566, at *2 (E.D. Pa. Apr. 7, 2020) (citing *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 297 (3d Cir. 2001)).

Our first task is to determine whether the forum selection clause in this case is mandatory or permissive. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere, whereas a mandatory clause dictates an exclusive forum for litigation under the contract." *Agri-Marketing, Inc. v. ProTerra Sols., LLC*, No. 5:17-cv-00627, 2018 WL 1444167, at *3 (E.D. Pa. Mar. 22, 2018) (citing *Dawes v. Publish Am. LLLP*, 563 F. App'x 117, 118 (3d Cir. 2014)). Where the parties agreed to a mandatory forum selection clause, it "should be enforced absent 'extraordinary circumstances.'" *Id.* (quoting *Collins ex rel. herself v. Mary Kay, Inc.*, 874 F.3d 176, 186 (3d Cir. 2017)); *see also Meridian Consulting I Corp., Inc. v. Eurotec*

3

*Canada Ltd.*, No. 19-22197, 2021 WL 689132, at *9 (D.N.J. Feb. 22, 2021) (explaining that a valid, mandatory forum selection clause "is generally 'given controlling weight'" (quoting *Atl. Marine*, 571 U.S. at 60)). By contrast, where the parties agreed to a permissive forum selection clause, we conduct "a traditional *forum non conveniens* analysis." *Agri-Marketing*, 2018 WL 1444167, at *3 (citing *Dawes*, 563 F. App'x at 118).[3] That is, we evaluate four factors: "the existence of an adequate alternative forum, the plaintiff's choice of forum, and the public and private interest factors implicated." *Feite v. Neumann*, No. 19-4280, 2020 WL 670135, at *2 (E.D. Pa. Feb. 11, 2020) (citing *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189–90 (3d Cir. 2008)).[4]

The forum selection clause in this case is permissive. It merely specifies that the Circuit Court of Hanover County, Virginia is "the appropriate manner and venue" for litigating any disputes. (Def.'s Mot. Ex. A, at 3.) Absent from the clause are any "hallmarks of a mandatory clause, such as a requirement that disputes shall be submitted to the jurisdiction of [particular] courts, or the terms exclusive, sole, or only." *Meridian*, 2021 WL 689132, at *11 (internal quotation marks and citations omitted); *see also Frazetta v. Underwood Books*, No. 3:CV-08-0516, 2009 WL 959485, at *4 (M.D. Pa. Apr. 6, 2009) ("When both parties intend by agreement for all claims to be brought in a certain venue, the term 'shall' or 'must' is used." (citing *Hatfield, Inc. v.*

---

[3] *See also N. Am. Commc'ns, Inc. v. Eclipse Acqui Inc.*, No. 3:17-167, 2018 WL 651795, at *7 (W.D. Pa. Jan. 31, 2018) ("[D]istrict courts in the Third Circuit have declined to extend *Atlantic Marine*'s strong presumption of enforcing forum-selection clauses to instances where the forum-selection clause is permissive." (citations omitted)).

[4] Plaintiffs alternatively argue that Bulk's entire contract with First Call was the product of duress and is therefore void. (*See* Pls.' Opp'n 5–7, ECF No. 16-1.) We need not address this thorny issue, as it does not affect our conclusion that dismissal on *forum non conveniens* grounds is inappropriate. Stated differently, even if we considered the duress issue, our analysis would arrive at the same place: consideration of the four *forum non conveniens* factors. For example, if we found that the agreement was *not* rendered void by duress, we would still have to decide whether its forum selection clause is mandatory or permissive. And if we found that the agreement *was* rendered void by duress, then we would immediately proceed to a traditional *forum non conveniens* analysis. In both cases, we would ultimately weigh the four *forum non conveniens* factors, just as we do here.

4

*Robocom Sys. Int'l, Inc.*, No. 98-cv-4004, 1999 WL 46563, at *3 (E.D. Pa. Jan. 15, 1999))). Rather, the contract "indicates the parties only agreed that a particular forum was appropriate." *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 835 (W.D. Pa. 2006). In such a case, "a permissive forum clause is created and redress may be obtained in another appropriate court." *Id.* (citation omitted); *see also Sept. Props. LLC v. Millionaire Gallery, Inc.*, No. 18-988, 2018 WL 4466066, at *5 (E.D. Pa. Sept. 18, 2018) ("A general maxim in interpreting forum-selection clauses is that an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion." (internal quotation marks and citation omitted)); *Opera Sols., LLC v. Schwan's Home Serv., Inc.*, No. 15-287-LPS, 2016 WL 3606776, at *6 (D. Del. July 1, 2016) (finding that a forum selection clause is permissive where "it provides that Delaware is an appropriate venue to resolve . . . disputes, but it does not expressly state nor imply that Delaware is the sole and exclusive forum to bring such disputes" (citation omitted)).

Having found a permissive forum selection clause here, "the standard *forum non conveniens* analysis applies." *Agri-Marketing*, 2018 WL 1444167, at *4; *see also Dawes*, 563 F. App'x at 118 ("If the contract does not contain a mandatory forum selection clause, then a *forum non conveniens* analysis applies." (citation omitted)). We examine the four relevant factors in turn.

### A.     Alternative Forum

"First, [t]he court must . . . decide whether an adequate alternative forum exists to hear the case." *Agri-Marketing*, 2018 WL 1444167, at *4 (internal quotation marks and citation omitted). "An alternative forum is available if all defendants are amendable to process there" and "if the plaintiff's claim is cognizable in the forum's courts." *Wilmot v. Marriott Hurghada Mgmt., Inc.*, 712 F. App'x 200, 203 (3d Cir. 2017) (citation omitted).

The Circuit Court of Hanover County, Virginia is an adequate alternative forum. First Call is a Virginia company and, in its contract with Bulk, agreed to jurisdiction in Virginia, suggesting that it would be amenable to process there. Similarly, there is no indication that these otherwise routine contract and tort claims could not be heard in Virginia's state courts.

B.   **Plaintiffs' Choice of Forum**

"Second, [t]he court must then evaluate the amount of deference due to the plaintiff's choice of forum." *Agri-Marketing*, 2018 WL 1444167, at *4 (internal quotation marks and citation omitted). "The focus of the deference inquiry . . . is on convenience." *Kisano Trade & Inv. Ltd. v. Lemster*, 737 F.3d 869, 875 (3d Cir. 2013). Indeed, "when a domestic plaintiff sues in his or her home state, that choice receives great deference, and will not be displaced unless the remaining factors 'clearly favor[] an alternate forum.'" *Meridian*, 2021 WL 689132, at *14 (quoting *Kisano*, 737 F.3d at 875); *see also Wall*, 756 F. App'x at 192 (affirming denial of motion to dismiss on *forum non conveniens* grounds where district court afforded "great deference" to plaintiff's choice of forum, even though parties agreed to a permissive forum selection clause).

We will afford deference to Plaintiffs' choice of forum, as two of the three Plaintiffs are at home in Pennsylvania. However, because the third Plaintiff—Illinois Union Insurance Company—is not based in Pennsylvania, that deference is lessened.

C.   **Private and Public Interest Factors**

"Finally, the court must consider and balance the private and public interest factors." *Agri-Marketing*, 2018 WL 1444167, at *4 (internal quotation marks and citation omitted).

The private interest factors weigh heavily in Plaintiffs' favor. "[P]rivate interests include such things as ease of access to sources of proof, ability to compel witness attendance, and other potential obstacles to a cost-effective and expeditious trial." *Kisano*, 737 F.3d at 877 (citation

omitted). First Call does not address these factors, which effectively ends our inquiry.[5] Regardless, as Plaintiffs explain, "the Property where the incident occurred is in Pennsylvania, . . . the Bulk Chemical employees who responded to both the initial spill event and subsequent fire reside in Pennsylvania, . . . the Bulk Chemical employees with knowledge of the incident reside in Pennsylvania, [and] the loss involves public agencies' employees and first responders that reside in Pennsylvania." (Pls.' Opp'n 10, ECF No. 16-1.) A weighing of these factors indicates that the Eastern District of Pennsylvania is an appropriate venue.

Neither party directly addresses the public interest factors,[6] so we will not speculate how they apply to this case.

## IV. CONCLUSION

First Call's motion to dismiss on *forum non conveniens* grounds is denied. Under the doctrine of *forum non conveniens*, "a plaintiff's choice of forum should rarely be disturbed." *Kisano*, 737 F.3d at 873. First Call has not shown that Plaintiffs' choice of forum should be disturbed.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[5] We note that the "defendant bears the burden of persuasion at each stage in the [*forum non conveniens*] analysis, and a district court abuses its discretion if it fails to hold the defendant to its burden." *Agri-Marketing*, 2018 WL 1444167, at *4 (quoting *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 295 (3d Cir. 2010)).

[6] "Public interests include administrative difficulties arising from increasingly overburdened courts; local interests in having the case tried at home; desire to have the forum match the law that is to govern the case to avoid conflict of laws problems or difficulty in the application of foreign law; and avoiding unfairly burdening citizens in an unrelated forum with jury duty." *Kisano*, 737 F.3d at 873 (citing *Delta*, 619 F.3d at 296).